IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| | § | CASE NO. 6:13-CR-114-JDK |
| vs. | § § | |
| | § | |
| RICHARD WADE GIBSON (4) | § § | |

**REPORT AND RECOMMENDATION
ON REVOCATION OF SUPERVISED RELEASE**

On December 29, 2021, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision. The Government was represented by Assistant United States Attorney Jim Noble. Defendant was represented by Matt Millslagle.

*Background*

After pleading guilty to the offense of Conspiracy to Possess with Intent to Distribute and Distribution of at Least 50 Grams But Less Than 200 Grams of a Mixture or Substance Containing a Detectable Amount of Methamphetamine, a Class B felony, Defendant Richard Wade Gibson was sentenced on October 15, 2014 by United States District Judge Leonard Davis. The offense carried a statutory maximum imprisonment term of 40 years. The guideline imprisonment range, based on a total offense level of 31 and a criminal history category of VI, was 188 to 235 months. Defendant was sentenced to 120 months of imprisonment, followed by a 5-year term of supervised release. On August 24, 2016, the term of imprisonment was reduced to 96 months. Defendant's supervision is subject to the standard conditions of release, plus special conditions to include financial disclosure and drug testing and treatment.

Defendant completed his term of imprisonment and started his term of supervised release on November 26, 2019. The case was re-assigned to United States District Judge Jeremy D. Kernodle on December 2, 2019.

*Allegations*

In the Petition seeking to revoke Defendant's supervised release, filed on December 13, 2021, United States Probation Officer Ben Sanders alleges that Defendant violated the following condition of supervised release:

1. **Allegation 1 (mandatory condition): The defendant shall not commit another federal, state, or local crime.** It is alleged that Defendant committed the offense of Falsification of a Drug Test, a Class B misdemeanor, on December 12, 2021.[1] The alleged conduct stemmed from Defendant's attempt to use a urination device during an attempted collection of a urine specimen at the U.S. Probation Office. The urination device was observed and confiscated by the U.S. Probation Office. Charges have not been filed with local law enforcement.

2. **Allegation 2 (standard condition 7): The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.** It is alleged that Defendant submitted urine specimens that tested positive for methamphetamine on April 22, April 27, September 14, and December 7, 2021. The specimen collected on April 22, 2021 was also positive for marijuana.

3. **Allegation 3 (standard condition 11): The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.** It is alleged that Defendant had contact with the White Oak Police Department on March 8, 2021 during a traffic stop. Defendant refused to allow them to search his vehicle and never reported the contact to the probation office.

4. **Allegation 4 (special condition): The defendant shall participate in a program of testing and treatment for drug abuse under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer. The defendant shall pay any cost associated with treatment and testing.** It is alleged that Defendant failed to report for drug testing at Drug and Alcohol Testing Compliance Services on November 22, 2021.

---

[1] At the hearing, the parties agreed that the date of the alleged conduct was December 7, 2021.

*Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release. Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offense of conviction was a Class B felony. Accordingly, the maximum imprisonment sentence that may be imposed is 3 years of imprisonment. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[2] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by possessing methamphetamine as alleged in the petition, he is guilty of a Grade B violation. U.S.S.G. § 7B1.1(a). Defendant's original criminal history category was VI. The guidelines provide that Defendant's guideline range for a Grade B violation is 21 to 27 months of imprisonment. If the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by committing the offense of Falsification of a Drug Test, using methamphetamine, using and possessing marijuana, failing to report police contact and failing to report for drug testing as alleged in the petition, he is guilty of a Grade C violation. U.S.S.G. § 7B1.1(a). The guidelines provide that Defendant's guideline range for a Grade C violation with his original criminal history category of VI is 8 to 14 months of imprisonment.

---

[2] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir. 1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir. 1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

### *Hearing*

On December 29, 2021, Defendant appeared for a final revocation hearing. Assistant United States Attorney Jim Noble announced that Defendant and the Government reached an agreement for Defendant to enter a plea of true to Allegation 4 of the petition and to jointly request a sentence of 12 months and 1 day of imprisonment followed by 1 year of supervised release with a special condition that the first 6 months will be served in a residential reentry center. After the Court explained to Defendant his right to a revocation hearing, he waived his right to a revocation hearing and entered a plea of "true" to Allegation 4 of the petition. Defendant requested a recommendation for designation at FCI Texarkana.

### *Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that Allegation 4 of the petition is true. Defendant is guilty of a Grade C supervised release violation. I further find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to 12 months and 1 day of imprisonment followed by 1 year of supervised release with a special condition that the first 6 months will be served in a residential reentry center. Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

### **RECOMMENDATION**

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 4 of the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to 12 months and 1 day of imprisonment followed by 1 year of supervised release with a special condition that the first 6 months will be

served in a residential reentry center. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court. Defendant waived those rights and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is therefore recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for him to be sentenced to 12 months and 1 day of imprisonment followed by 1 year of supervised release with a special condition that the first 6 months will be served in a residential reentry center.

So ORDERED and SIGNED this 29th day of December, 2021.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE